**Kurt C. Peterson, OSB #980065**
kurt.peterson@harrang.com
HARRANG LONG P.C.
111 SW Columbia St., Suite 950
Portland, OR 97201
Telephone:	(503) 242-0000
**Julian Marrs, OSB #154743**
julian.marrs@harrang.com
HARRANG LONG P.C.
497 Oakway Rd., Suite 380
Eugene, OR 97401
Telephone:	(503) 242-0000
Facsimile:	(541) 686-6564
Of Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ELIDA MAEVE,**<br><br>       Plaintiff,<br><br>vs.<br><br>**CENTENNIAL SCHOOL DISTRICT NO. 28J,**<br><br>       Defendant. | Case No. 3:24-cv-01427-SB<br><br>**DEFENDANT'S MOTIONS TO DISMISS**<br><br>**Oral Argument Requested** |

## LOCAL RULE 7-1 CERTIFICATION

Undersigned counsel for Centennial School District No. 28J ("Centennial") certifies that, in accordance with LR 7-1, they conferred with plaintiff's counsel on these motions on November 8, 2024, and the parties were unable to resolve the issues presented in this motion.

Page 1 – **DEFENDANT'S MOTIONS TO DISMISS**

## MOTIONS

**MOTION NO. 1:** Centennial moves the Court for an order dismissing plaintiff's First Claim for Relief for failure to state a claim.

**MOTION NO. 2:** Centennial moves the Court for an order dismissing plaintiff's Second Claim for Relief for failure to state a claim.

**MOTION NO. 3:** Centennial moves the Court for an order dismissing plaintiff's Third Claim for Relief for failure to state a claim.

**MOTION NO. 4:** Centennial moves the Court for an order dismissing plaintiff's Fifth and Sixth Claims for Relief for failure to state a claim.

**MOTION NO. 5:** Centennial moves the Court for an order dismissing plaintiff's Eighth Claim for Relief for failure to state a claim.

**MOTION NO. 6:** Centennial moves the Court for an order dismissing plaintiff's Ninth Claim for Relief for failure to state a claim.

**MOTION NO. 7:** Centennial moves the Court for an order dismissing plaintiff's Tenth Claim for Relief for failure to state a claim.

## MEMORANDUM OF LAW

**I.    INTRODUCTION**

Centennial moves for dismissal of Plaintiff's First, Second, Third, Fifth, Sixth, Eighth, Ninth, and Tenth Claims for Relief pursuant to Rule 12(b)(6). Plaintiff has filed a 54 page, 231 paragraph Amended Complaint that asserts claims related to her employment, and the end of her employment, with Centennial. Plaintiff has explicitly set out which of those 231 paragraphs form the factual basis for each of plaintiff's claims. Plaintiff's First and Second Claims for Relief fail to allege facts that support a plausible claim that Centennial's decision makers harbored an impermissible bias against plaintiff. Plaintiff's Third, Eighth, Ninth, and Tenth Claims for Relief are all premised, either entirely or in part, on actions prior to November 17, 2022, making those claims untimely under the Oregon Tort Claims Act. Finally, plaintiff's Fifth and Sixth Claims for Relief seek remedies that are not awardable under Title I of the Americans with Disabilities Act

(the "ADA") or the Oregon Rehabilitation Act (the "ORA"). Accordingly, those claims should be dismissed.

## II.  LEGAL STANDARD

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When a defendant moves to dismiss a claim under Rule 12(b)(6), "[d]ismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Id.* In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the plaintiff. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). But the court is not "required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.* And the court need not credit a plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937 (2009). That is, to be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face": In other words, a complaint must state a plausible claim for relief and contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678-9, 129 S. Ct. 1937 (2009).

## III.  ARGUMENT

    **A.  Motion 1: Plaintiff's First Claim for Relief (Gender and Sex Discrimination – 42 U.S.C. §2000e-2) should be dismissed as it fails to state a claim upon which relief can be granted.**

Plaintiff's First Claim for Relief should be dismissed because plaintiff has failed to allege facts sufficient to demonstrate bias on the part of the individuals that made the decision to

terminate plaintiff's employment. To state a claim under Title VII for gender discrimination, a plaintiff must allege facts that give rise to the an inference of unlawful discrimination on the basis of sex or gender. *Whitley v. City of Portland*, 654 F.Supp.2d 1194, 1207 (D. Or. 2009). This can be accomplished either by alleging animus directly on the part of the decision maker or allegations establishing that: (1) the plaintiff is a member of a protected class; (2) they performed their job according to their employer's expectations; (3) they were subjected to an adverse employment action; and (4) they were treated differently from similarly situated individuals outside their protected class, or circumstances surrounding the adverse employment action would give rise to an inference of discrimination. *Id.*

Here, plaintiff has failed to plead allegations sufficient to state a plausible claim under either rubric to the extent that plaintiff's claims rest on her termination as an adverse employment action. Plaintiff's allegations of discrimination based on her gender and sex are conclusory and can be disregarded. Amended Complaint, ¶ 129. Plaintiff has not pleaded facts that plausibly support the conclusion that the individuals who decided to dismiss plaintiff held animus against her because of her gender or sex: Plaintiff has pleaded that Principal Miller is "a cisgender, heterosexual male." Amended Complaint, ¶ 50. Plaintiff has pleaded numerous interactions between herself and Principal Miller. *See*, *e.g.*, Amended Complaint, ¶¶ 66-73. Plaintiff makes only two references to Superintendent James Owens, the individual who affirmed plaintiff's dismissal. Amended Complaint, ¶¶ 125-126.

Plaintiff at no point alleges facts that plausibly support a conclusion that those two individuals harbored a discriminatory animus against plaintiff because of plaintiff's gender. Further, plaintiff does not plead the existence of other similarly situated individuals that plaintiff was treated differently than or circumstances that give rise to an inference of discrimination in the termination decision. Accordingly, plaintiff has not pleaded a plausible claim. Plaintiff's First Claim for Relief should be dismissed to the extent it relies on plaintiff's separation from employment with Centennial.

Page 4 – **DEFENDANT'S MOTIONS TO DISMISS**

      **B.**      **Motion 2: Plaintiff's Second Claim for Relief (Gender Retaliation – 42 U.S.C. § 2000e-3) fails to state a claim upon which relief can be granted.**

Plaintiff's Second Claim for Relief, to the extent it is premised on the actions of Principal Miller, should be dismissed because plaintiff has not adequately pleaded facts sufficient to support a plausible claim. To state a claim of Title VII retaliation, an employee must allege facts showing: (1) that the employee engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse action. *Whitley v. City of Portland*, 654 F.Supp.2d 1194, 1213 (D. Or. 2009). In the context of a termination decision, it must be shown that the individual making the termination decision either held a retaliatory motive or was influenced in their decision by a person holding a retaliatory motive. *See id.* at 1216-17.

    Plaintiff alleges that "Defendant discriminated and retaliated against Plaintiff with respect to the terms and conditions of her employment because Plaintiff opposed unlawful gender and sex discrimination." Amended Complaint, ¶ 139. This is a conclusory assertion of an element of the claim. The factual allegations, though voluminous, do not include facts that create a plausible claim for relief because those allegations do not establish a causal link between plaintiff's alleged protected activity and any specific alleged adverse action. Plaintiff alleges, as it relates to this claim:

- Plaintiff copied Principal Miller on an email in which she alleged Mr. Roache, who is not a Centennial employee, was discriminating against plaintiff on the basis of Gender. Amended Complaint, ¶ 55.
- Plaintiff told Centennial Director of Student Services Denise Wright "that Principal Marin Miller was also retaliating against her." Amended Complaint, ¶ 69.
- Plaintiff on September 29, 2022, met with Principal Miller and "made reports of gender and sex bias incidents and crimes she had experienced in the previous school year, including a student stealing her identity with a false Instagram

Page 5 – **DEFENDANT'S MOTIONS TO DISMISS**

- account, the homophobic slur shouted at her by a student, and the assault on her in the bathroom at school. Marin Miller took notes on Plaintiff's reports but was otherwise completely silent, not responding to validate or deny Plaintiff's reports or sympathize with her." Amended Complaint, ¶ 70.

- That on October 3, 2022, Principal Miller informed plaintiff that he had "hired a private investigator to investigate the issues Plaintiff had raised regarding bias incidents" and that "Plaintiff could file a formal written complaint against any District employees involved in those incidents." Amended Complaint, ¶ 71.

- That plaintiff met with Principal Miller, Dr. Katsuda, and Superintendent James Owens on January 5, 2023, for a pre-dismissal hearing which resulted from Principal Miller's recommendation that plaintiff be terminated from employment. Amended Complaint, ¶ 125.

- That Superintendent Owens affirmed that decision. Amended Complaint, ¶ 126.

Taken together, these allegations do not establish a plausible conclusion that either of Principal Miller or Superintendent Owens harbored a retaliatory motive. Accordingly, plaintiff has not pleaded a plausible claim for relief. Plaintiff's Second Claim for Relief should be dismissed to the extent it relies on plaintiff's dismissal as an adverse employment action.

  C. **Motion 3: Plaintiff's Third Claim for Relief (Gender, sex, and sexual orientation discrimination and retaliation) fails to state a claim upon which relief can be granted.**

Plaintiff's Third Claim for Relief should be dismissed to the extent it seeks relief premised on discrete acts prior to November 17, 2022. To the extent that this claim is premised on discrete acts outside the notice period set in the Oregon Tort Claims Act ("OTCA"), the claim is barred. The OTCA requires that a plaintiff submit notice to a public body of an injury or loss allegedly caused by the public body or its officials, employees, or agents in breach of a legal duty within 180 days of the date that the injury or loss occurred. ORS 30.275(2). Failure to do so will result in a claim being dismissed. *Watson v. Urbigkeit*, No. 6:19-cv-00239-AA, 2022 WL 2355548, at *4 (D. Or. June 30, 2022).

Plaintiff has alleged that she provided Centennial with a tort claims notice on May 16, 2023. Amended Complaint, ¶ 4. So, any discrete actions taken by Centennial prior to November 17, 2022, are not actionable. Plaintiff alleges that this claim is supported by "paragraphs 33 – 36, 39 – 49, 53, 55 – 73, 76, 85, 91, 113, 118, 120, 125, and 126." Amended Complaint, ¶ 147. Paragraphs 1-103 of the Amended Complaint concern actions that took place prior to November 17, 2022. *See* Amended Complaint, ¶¶ 1-103. Accordingly, those paragraphs cannot support this claim.

The remaining paragraphs allege that:

- That Principal Miller cancelled a December 15, 2022 observation "because Plaintiff had not filled out the pre-observation form," despite completing an observation for a different teacher who had not completed the form. Amended Complaint, ¶ 113.
- On December 29, 2022, Principal Miller "sent Plaintiff an email letter recommending the immediate dismissal of Plaintiff from employment." Amended Complaint, ¶ 118.
- That plaintiff informed Centennial's information technology center about issues plaintiff experienced with TalentEd, a platform used to provide information to Centennial teachers, issues caused by plaintiff's name change. Amended Complaint, ¶ 120.
- That plaintiff participated in a pre-dismissal hearing. Amended Complaint, ¶ 125.
- That plaintiff was dismissed from employment. Amended Complaint, ¶ 126.

The standard for establishing a claim for discrimination under Oregon law is identical to that used under federal law. *Whitley*, 654 F.Supp.2d 1194, 1212 (quoting *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1087 (9th Cir. 2001)). So, to state a claim for relief premised on Or. Rev. Stat. § 659A.030, plaintiff must allege facts that support a plausible claim that plaintiff's gender, sex, or sexual orientation were the cause of any adverse employment action against plaintiff: the allegations set forth above do not support the plausible conclusion that

Page 7 – **DEFENDANT'S MOTIONS TO DISMISS**

plaintiff was treated differently from similarly situated individuals outside plaintiff's protected class, nor do those allegations set out circumstances surrounding an adverse employment action that would give rise to an inference of discrimination. Accordingly, this claim should be dismissed.

    **D.**     **Motion 4: Plaintiff's Fifth Claim for Relief (Title I of the Americans with Disabilities Act – Retaliation) and Sixth Claim for Relief (ORS 659A.103 et seq. – Oregon Rehabilitation Act) premised on alleged retaliation should be dismissed to the extent they seek money damages and do not seek reinstatement as an equitable remedy.**

Plaintiff's Fifth and Sixth Claims for Relief should be dismissed to the extent they seek monetary damages for an alleged violation of Title I of the ADA or the Oregon Rehabilitation Act because monetary relief is not available by law for such claims and because plaintiff does not seek reinstatement as an equitable remedy. Plaintiff's Fifth Claim for Relief is fully premised on alleged retaliation and plaintiff's Sixth Claim for Relief is partially premised on retaliation. Amended Complaint, ¶¶ 167, 178. Plaintiff's ADA and Oregon Rehabilitation Act claims should be assessed according to the same legal standards. *Kelly v. Boeing Company*, 848 Fed. Appx. 692, 694 n.1 (9th Cir. 2021).

Monetary relief is not available for retaliation claims premised on Title I of the ADA or the Oregon Rehabilitation Act. *Kimmons v. First Transit, Inc.*, No. 3:21-cv-00768-SB, 2023 WL 5836029, at *30-31 (D. Or. Sept. 8, 2023) (citing *Hanson v. Oregon, Legislative Assembly*, No. 3:21-cv-780-SI, 2023 WL 22196, at *12-13 (D. Or. Jan 3, 2023)). Former employees also lack standing to seek equitable relief on such claims for anything other than reinstatement. *Kimmons*, 2023 WL 5836029, at *30-31. Plaintiff does not seek reinstatement as an equitable remedy. Amended Complaint, ¶¶ 170, 181. Because plaintiff does not seek relief that can be granted by the Court, plaintiff's Fifth and Sixth Claims for Relief should be dismissed.

  E. **Motion 5: Plaintiff's Eighth Claim for Relief (Oregon Family Leave Act – ORS 659A.150 et. Seq.) should be dismissed for failure to state a claim.**

  Plaintiff's Eighth Claim for Relief should be dismissed because it is premised on facts prior to November 17, 2022. Plaintiff alleges that she requested parental work leave due to the birth of her child in October 2021, to start the week following Spring Break. Amended Complaint, ¶ 25. There were issues with approval of that leave in March 2022, but plaintiff eventually took that leave on April 18, 2022. Amended Complaint, ¶¶ 34-35. Plaintiff then requested additional parental leave on May 20, 2022. Amended Complaint, ¶ 43. Plaintiff took additional leave starting on June 3, 2022, through the end of the school year. Amended Complaint, ¶ 48. Plaintiff's supervisor changed on July 1, 2022, to Principal Miller. Amended Complaint, ¶ 50. Other than a conclusory statement that "Defendants interfered, discriminated, and retaliated against Plaintiff for taking medical leave by taking adverse employment actions against Plaintiff, including, but not limited to, terminating Plaintiff's employment," plaintiff has not alleged that plaintiff's termination was motivated by her use of leave under the Oregon Family Leave Act.

  So, to the extent this claim is premised on Centennial's actions related to the approval of plaintiff's Oregon Family Leave Act leave, the claim is untimely because the discrete actions giving rise to the injury or loss occurred more than 180 days prior to plaintiff's tort claims notice. The claim must also be dismissed because plaintiff has not pleaded facts that would make plausible the conclusion that the decision to terminate her employment was motivated by her use of Oregon Family Leave Act leave.

  F. **Motion 6: Plaintiff's Ninth Claim for Relief (Oregon Sick Leave Act) should be dismissed for failure to state a claim.**

  Plaintiff's Ninth Claim for Relief should be dismissed because it is premised on the use of Oregon Sick Leave Act leave that occurred before November 17, 2022, and because plaintiff fails to allege facts that make a plausible claim that plaintiff's use of that leave was a motivating factor in any of Centennial's alleged unlawful actions. As was the case for plaintiff's Oregon Family Leave Act claim, plaintiff alleges only the bare conclusion that "Defendant interfered,

discriminated, and retaliated against Plaintiff for taking leave by taking adverse employment actions against Plaintiff, including, but not limited to, terminating their employment." Amended Complaint, ¶ 220.

As noted above, plaintiff's allegations related to leave center on allegations occurring before November 17, 2022. Accordingly, plaintiff's claim, to the extent it is premised on how Centennial handled her requests for leave is not timely. And, similarly to plaintiff's Eighth Claim for Relief, plaintiff has not alleged facts that tend to make plausible that plaintiff's leave use was a motivating factor in her dismissal from employment. Thus, plaintiff's Ninth Claim for Relief should be dismissed.

### G. Motion 7: Plaintiff's Tenth Claim for Relief (Whistleblower Discrimination) should be dismissed for failure to state a claim.

Plaintiff's Tenth Claim for Relief should be dismissed because plaintiff does not plead a timely claim. As set out above, the OTCA requires that a plaintiff submit notice to a public body of an injury or loss allegedly caused by the public body or its officials, employees, or agents in breach of a legal duty within 180 days of the date that the injury or loss occurred or the claim is untimely. Here, plaintiff has identified paragraphs with allegations all predating November 17, 2022, as constituting plaintiff's whistleblowing claim. Amended Complaint, ¶ 228. To the extent that plaintiff's claims are premised on alleged acts taken by or attributable to Centennial prior to that date, plaintiff's claims are untimely. That is the entirety of plaintiff's whistleblowing claim. Accordingly, it should be dismissed.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## IV. CONCLUSION

For the aforementioned reasons, Centennial respectfully requests that plaintiff's First, Second, Third, Fifth, Sixth, Eighth, Ninth, and Tenth claims be dismissed.

DATED this 13th day of November, 2024.

                                                    HARRANG LONG P.C.

                                        By:  s/Kurt C. Peterson
                                                Kurt C. Peterson, OSB #980065
                                                Julian Marrs, OSB #154743
                                                Of Attorneys for Defendant