**Daniel Snyder, OSB No. 783856**
dansnyder@lawofficeofdanielsnyder.com
**Paul Bastian, OSB No. 062706**
paul@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249
        Attorneys for the Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

|  |  |
|---|---|
| **ELIDA MAEVE** | Case No. 3:24-cv-01427-SB |
| Plaintiff, | |
| v. | **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS** |
| **CENTENNIAL SCHOOL DISTRICT NO. 28 J** | |
| Defendant. | |

Plaintiff responds to Defendant's motion to dismiss as set forth below.

## LEGAL STANDARD

A Rule 12(b)(6) motion tests whether there is a cognizable legal theory or sufficient facts

alleged to support a cognizable legal theory. *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015)

(citing *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). On a motion to dismiss for failure

to state a claim, this Court must consider all well-pleaded allegations in a complaint as true, as

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

well as all reasonable inferences to be drawn from them. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Fed. R. Civ. P. 8(a)(2) requires that a complaint contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Accordingly, a plaintiff is only required to state a plausible claim for relief that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). And while this Court need not credit a plaintiff's "legal conclusions," the presumption of truth indisputably extends to all "factual allegations" in a complaint, however "conclusory." *Iqbal*, 566 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

## RESPONSE

**Motion 1: Plaintiff's First Claim for Relief (Gender and Sex Discrimination – 42 U.S.C. §2000e-2) states a claim upon which relief can be granted.**

Plaintiff agrees that in order to state a claim under Title VII for gender discrimination, a plaintiff must allege facts that give rise to an inference of unlawful discrimination on the basis of sex or gender. *Whitley v. City of Portland*, 654 F.Supp.2d 1194, 1207 (D. Or. 2009). This can be accomplished either by alleging animus directly on the part of the decision maker or allegations establishing that: (1) the plaintiff is a member of a protected class; (2) they performed their job according to their employer's expectations; (3) they were subjected to an adverse employment action; and (4) they were treated differently from similarly situated individuals outside their protected class, or circumstances surrounding the adverse employment action would give rise to an inference of discrimination. *Id*. See also *Godwin v. Hunt Wesson, Inc*. 150 F.3d 1217, 1220 (9th Cir. 1998) (quoting *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981). A plaintiff can meet this burden by showing that she has been

singled out and treated less favorably than others similarly situated because of a protected class status. See *McGinest*, 360 F.3d at 1121 (applying standard in a race discrimination case). The allegations in Plaintiff's Amended Complaint are sufficient to give rise to the inference of discrimination under either rubric.

Defendant's motion contends "… plaintiff does not plead the existence of other similarly situated individuals that plaintiff was treated differently than…" ECF 10 at 4. The term "similarly situated" is a fact-specific question, "Individuals are similarly situated when they have similar jobs and display similar conduct." *Vasquez v. Los Angeles,* 349 F.3d 634, at 641 (9th Cir. 2003); see also *Hargrow v. Fed Express Corp*., No. 03-0642-PHX-DGC, 2006 U.S. Dist. LEXIS 4187, 2006 WL 269958, **4-5 (D. Ariz. Feb. 2, 2006) ("To be similarly situated, coworkers must have been dealt with by the same supervisor, subject to the same standards, and engaged in similar conduct." (citing *Vasquez*, 349 F.3d at 641)). The case at bar is distinguishable from the cases cited above because Plaintiff herself experienced employment with Defendant while presenting as a cis-gendered male, Stephen Hamilton. She began transitioning her gender expression in 2021 (ECF 7, ¶¶ 17, 19). Plaintiff's own experience is greater than that of any alleged comparator, because her job was in fact the same job, and her conduct had not changed in the time she was invited back to teach science the following year. It is only after her gender expression changed that she was targeted as a victim of bias crimes and discouraged from complaining about them (ECF 7, ¶¶ 28, 31-33), subjected to "mini observations", and ultimately terminated from employment. The allegations give rise to the inference that she was unlawfully discriminated against on the basis of her gender.

PAGE 3 – PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION TO DISMISS

**Motion 2: Plaintiff's Second Claim for Relief (Gender Retaliation – 42 U.S.C. § 2000e-3) states a claim upon which relief can be granted.**

Defendant's Motion identifies the list of protected activity under Title VII, but asserts that Plaintiff has not demonstrated a sufficient causal link between the protected activity and the adverse employment action.

Marin Miller's observations of Plaintiff's performance were directly related to the decisions to discipline and terminate Plaintiff's employment. As alleged, the observation sessions were very short, approximately ten minutes each (ECF 7, ¶ 77, 82), and when Plaintiff alerted Mr. Miller to the fact that she experienced transphobia at the school frequently, and asked for help over and over again but to no avail, Mr. Miller told her to "stop looking for external reasons" for why she was being disciplined, put his hand in her face and told her the discussion was over. ECF 70, ¶ 90. On October 27, 2022, Marin Miller wrote that failure to address these concerns and expectations may result in the next step being the Development of a Plan of Improvement to outline specific support growth in Plaintiff's performance. However, Plaintiff was not offered a Plan of Improvement before being terminated from employment. ECF 70, ¶ 91. Plaintiff alleges being disciplined for several common behaviors among teachers at the school, for which other teachers are not disciplined. (ECF 7, ¶ 91c.)

A causal link sufficient to establish ". . . [a] prima facie case may be inferred from circumstantial evidence, such as the employer's knowledge that the plaintiff engaged in protected activities and the proximity in time between the protected action and the allegedly retaliatory [activity]." *Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987). A three-month period between a protected activity and retaliatory action supports an inference of retaliation. See e.g. *Alpha Energy Savers, Inc. v. Hansen*, 381 F.3d 917, at 927 (9th Cir. 2004), cert. den., citing

*Coszalter v. City of Salem*, 320 F.3d at 977-78 ("This period is within the three-to-eight-month time range that "easily" supports an inference of retaliation.") In the case at bar, there is sufficient temporal proximity between Plaintiff's termination on January 9, 2023, and the complaints made by Plaintiff to Miller on September 29, 2022. ECF 7, ¶ 55.

**Motion 3: Plaintiff's Third Claim for Relief (Gender, sex, and sexual orientation discrimination and retaliation) states a claim upon which relief can be granted.**

Plaintiff is not seeking damages outside the statute of limitations period. However, Defendant is incorrect that the allegations in the complaint outside the statute of limitations should be dismissed. Evidence outside of the statute of limitations is relevant to support Plaintiff's timely claims. See *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 113 122 S. Ct. 2061 (2002) (The existence of past acts and the employee's prior knowledge of their occurrence, however, does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed; nor does the statute bar an employee from using the prior acts as background evidence in support of a timely claim); see also *Lyons v. England*, 307 F.3d 1092, 1112 (9th Cir. 2002)(Evidence of time-barred acts may be "offered for its probative value in assessing whether the employer's justifications for its present conduct lack credibility" and may also serve "as indirect proof of the employer's intent to discriminate."). Therefore, the court should not strike facts outside of the relevant statute of limitations because those facts make Plaintiff's claims for relief more probable than not.

//////

//////

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

**Motion 4: Plaintiff's Fifth Claim for Relief (Title I of the Americans with Disabilities Act – Retaliation) and Sixth Claim for Relief (ORS 659A.103 et seq. – Oregon Rehabilitation Act).**

Plaintiff recognizes Ninth Circuit precedent concerning money damages for retaliation claims under Title I. Plaintiff's Amended Complaint does seek equitable relief, including, but not limited to, a finding that Defendant violated the ADA. ECF 7, ¶ 170.

**Motions 5 and 6: Plaintiff's Eighth Claim for Relief (Oregon Family Leave Act – ORS 659A.150 et. Seq.) and Oregon Sick Leave Act state claims upon which relief can be granted.**

OFLA claims are to "be construed to the extent possible in a manner that is consistent with any similar provisions of the [FMLA]." Or. Rev. Stat. § 659A.186(2). To sustain an FMLA interference claim, a plaintiff must show by a preponderance of the evidence that: (1) the plaintiff took or requested protected leave; (2) the employer subjected the plaintiff to an adverse employment action; and (3) the taking of or requesting protected leave was a "negative factor" in the adverse employment decision. See *Bachelder v. Am. W. Airlines, Inc*., 259 F.3d 1112, 1124 (9th Cir. 2001); *McCauley v. ASML US, Inc*., 917 F. Supp. 2d 1143, 1152 (D. Or. 2013); 29 C.F.R. § 825.220(c).

Per ORS 653.641 (2), it is an unlawful practice for an employer to "Retaliate or in any way discriminate against an employee with respect to any term or condition of employment because the employee has inquired about the provisions of ORS 653.601, submitted a request for sick time, taken sick time, participated in any manner in an investigation, proceeding or hearing related to ORS 653.601."

As briefed in Response to Motion 3, supra, evidence outside of the statute of limitations is relevant to support Plaintiff's timely claims. Amended complaint Paragraph 48 details

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

Plaintiff's experience seeking approved leave in June, 2022, and her termination followed shortly thereafter.

**Motion 7: Plaintiff's Tenth Claim for Relief (Whistleblower Discrimination) states a claim upon which relief can be granted.**

Plaintiff suffered unlawful retaliation under Or. Rev. Stat. § 659A.199, which provides:

> It is an unlawful employment practice for an employer to discharge, demote, suspend or in any manner discriminate or retaliate against an employee with regard to promotion, compensation or other terms, conditions or privileges of employment for the reason that the employee has in good faith reported information that the employee believes is evidence of a violation of a state or federal law, rule or regulation.

The elements of a *prima facie* case of retaliation are: 1) the employee engaged in protected activity, 2) she was subjected to an adverse employment action, and 3) a causal link exists between the protected activity and the adverse employment action. *Dawson v. Entek,* 630 F.3d 928, 936 (9th Cir. 2011). As briefed in Responses to Motions 2 and 3, supra, evidence outside of the statute of limitations is relevant to support Plaintiff's timely claims, and the proximity in time between the protected activity and the adverse action is sufficient to give rise to support an inference of a causal link.

### CONCLUSION

Defendant's motions should be denied. If the Court grants any part of Defendant's motions, Plaintiff requests leave to amend to cure any defect.

Dated: November 27, 2024

**Law Offices of Daniel Snyder**

*/s/ Daniel Snyder*
Daniel Snyder, OSB No. 783856
dansnyder@lawofficeofdanielsnyder.com
Paul Bastian, OSB No. 062706

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

paul@lawofficeofdanielsnyder.com
LAW OFFICES OF DANIEL SNYDER
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
      Attorneys for the Plaintiff

PAGE 8 – PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION TO DISMISS