**Kurt C. Peterson, OSB #980065**
**kurt.peterson@harrang.com**
HARRANG LONG P.C.
111 SW Columbia St., Suite 950
Portland, OR 97201
Telephone:     (503) 242-0000
**Julian Marrs, OSB #154743**
**julian.marrs@harrang.com**
HARRANG LONG P.C.
497 Oakway Rd., Suite 380
Eugene, OR 97401
Telephone:     (503) 242-0000
Facsimile:     (541) 686-6564
Of Attorneys for Defendant

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **ELIDA MAEVE,** | Case No. 3:24-cv-01427-SB |
| Plaintiff, | **DEFENDANT'S REPLY IN SUPPORT OF MOTIONS TO DISMISS** |
| vs. | |
| **CENTENNIAL SCHOOL DISTRICT NO. 28J,** | **Request for Telephonic Oral Argument** |
| Defendant. | |

## SUMMARY OF ARGUMENT

The dispute presented by Defendants Motions to Dismiss and Plaintiff's Response to Defendant's Motions to Dismiss (the "Response") fall generally into three categories:

- Claims without adequate allegations of causation: Several of plaintiff's claims require a showing of causation between either plaintiff's characteristics or actions and an adverse employment action. Plaintiff relies by and large on temporal proximity to support an

Page 1 – **DEFENDANT'S REPLY IN SUPPORT OF MOTIONS TO DISMISS**

inference of causation. In some circumstances temporal proximity can support an inference of causation, but that rule is not applied mechanically without regard to other allegations in a complaint, and courts have refused to give parties the benefit of that inference for time periods similar to those in this case. Plaintiff has not alleged facts that support plausible causation theories under either her temporal proximity theory or otherwise.

- Partially Untimely Claims: Plaintiff's Amended Complaint is tremendously detailed – it contains 231 paragraphs spanning 54 pages and covering several years of plaintiff's employment relationship with defendant. One side effect of that level of detail and plaintiff's conclusory allegations about which of the many alleged actions of defendant she seeks relief for is that, despite plaintiff's attempts to specifically identify paragraphs supporting each of her ten claims, it is unclear whether plaintiff presents claims that are in part untimely under the Oregon Tort Claims Act. Accordingly, defendant seeks to have several of plaintiff's claims dismissed to the extent they are premised on untimely alleged acts as adverse employment actions.

- Claims Seeking an Unavailable Remedy: Plaintiff's Fifth and Sixth Claims for Relief do not seek any remedy available to plaintiff and should be dismissed.

Plaintiff's Response does not adequately identify the facts or legal authorities necessary to overcome the defects in her Amended Complaint, and defendant's motions should therefore be granted.

**REPLY**

## I. PLAINTIFF'S FIRST CLAIM FOR RELIEF DOES NOT IDENTIFY ANY LEGAL AUTHORITY THAT PERMITS HER TO SERVE AS HER OWN SIMILARLY-SITUATED COMPARATOR FOR HER FIRST CLAIM FOR RELIEF.

Plaintiff contends that her First Claim for Relief is supported by facts that support a plausible claim because "Plaintiff's own experience is greater than that of any alleged comparator, because he job was in fact the same job, and her conduct had not changed in the

time she was invited back to teach science the following year" and that "[i]t is only after her gender expression changes that she was targeted as a victim of bias crimes and discouraged from complaining about them . . . , subjected to 'mini observations', and ultimately terminated from employment," facts that, according to Plaintiff, "give rise to the inference that she was unlawfully discriminated against on the basis of her gender." Response at 3. The parties agree that discrimination on the basis of gender can be shown either by direct evidence of bias or by comparison of the treatment between the plaintiff and similarly situated individuals. Response at 2-3.

Here, plaintiff does not explicitly draw out how her allegations set out direct evidence of bias. Response at 3. Plaintiff does assert that she herself is a similarly situated comparator. Response at 3. Plaintiff does not provide any legal authority supporting the contention that a person can also be a similarly situated individual for the purposes of a gender and sex discrimination claim. Response at 3. Defendant was unable to locate such an authority after a reasonable search. Plaintiff acknowledges that this case must be distinguished from cases concerning who a similarly situated individual to a claimant is for purposes of supporting a discrimination claim by circumstantial evidence. However, plaintiff does not offer any legal explanation or support for why a person could be their own comparator. This claim should be dismissed.

## II.    CLOSENESS IN TIME BETWEEN PLAINTIFF'S ALLEGED PROTECTED ACTIVITY AND DISCHARGE IS NOT SUFFICIENT ALONE TO ESTABLISH CAUSATION.

Temporal proximity alone is not enough to establish a reasonable inference of causation for this claim. Plaintiff contends that she has alleged sufficient facts to support a plausible conclusion that her opposition to unlawful gender and sex discrimination was a causal reason for her termination because of the proximity between her alleged reports and the termination decision. Response at 4-5. Temporal proximity between alleged protected activity and alleged adverse actions isn't automatically enough to establish causation: Reliance on temporal

proximity to establish causation is misplaced where other allegations defeat that inference depending on the length of time at issue. *Coszalter v. City of Salem*, 320 F.3d 968, 977-78 (9th Cir. 2003) ("Depending on the circumstances, three to eight months is easily within a time range that can support an inference of retaliation. . . . But we caution that a specified time period cannot be a mechanically applied criterion. A rule that any period over a certain time period is per se too long (or, conversely, a rule that any period under a certain time is per se short enough) would be unrealistically simplistic."). "Even cases involving very close temporal proximity have generally featured independent evidence of discrimination or retaliation." *Kama v. Mayorkas*, 107 F.4th 1054, 1060 (9th Cir. 2024). For the inference of causation to arise, the temporal proximity must be very close, and a greater than three month period is not, but itself sufficient to always support an inference of causation. *See Villarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002) (citing cases where intervals of four months, five months, eight months, and one year were "too long to raise an inference of discrimination").

Here, the 102-day period is not, in the context of plaintiff's other allegations, sufficient to support a reasonable inference of causation. Plaintiff has pleaded that Mr. Miller "hired a private investigator to investigate the issues Plaintiff had raised regarding bias incidents at the school" and told plaintiff that she "could file a formal written complaint against any District employees involved in those incidents." Amended Complaint, ¶ 71. These actions were in response to plaintiff's September 29, 2022, "reports of gender and sex bias incidents." Amended Complaint, ¶ 70. That plaintiff has pleaded actions on defendant's part to directly address her alleged reports defeats any inference that could be drawn based on temporal proximity, and this claim should therefore be dismissed.

## III.    PLAINTIFF'S THIRD CLAIM FOR RELIEF, TO THE EXTENT IT SEEKS DAMAGES FOR UNTIMELY ACTIONS, SHOULD BE DISMISSED.

Plaintiff appears to concede that she cannot recover damages on this claim for discrete acts that took place more than 180 days before she sent defendant a tort claims notice and then contends that allegations concerning facts that are no longer actionable should not be stricken.

Response at 5. Defendant does not seek to have those allegations stricken. Instead, defendant seeks to have plaintiff's claim dismissed to the extent she seeks to cast any actions outside the 180-day limitations period as adverse employment actions and based her claims on them. It is unclear from plaintiff's complaint if she does seek to do so. *See* Amended Complaint, ¶¶ 147-153. Beyond that, plaintiff has not adequately pleaded a causal link between any of defendant's alleged actions that are timely and plaintiff's gender, sex, or sexual orientation. Plaintiff made no attempt to identify how the Amended Complaint contains sufficient facts to establish that causal link. *See* Response at 5. This claim should be dismissed in its entirety.

## IV.    PLAINTIFF DOES NOT SEEK REINSTATEMENT AS AN EQUITABLE REMEDY AND HER FIFTH AND SIXTH CLAIMS FOR RELIEF SHOULD THEREFORE BE DISMISSED.

Plaintiff concedes that monetary relief is not available for her Fifth and Sixth Claims for Relief. Response at 6. Plaintiff then contends that she does "seek equitable relief, including, but not limited to, a finding that Defendant violated the ADA." Response at 6. That is not the type of equitable relief available to plaintiff for these claims. *Kimmons v. First Transit, Inc.*, No. 3:21-cv-00768-SB, 2023 WL 5836029, at *30-31 (D. Or. Sept. 8, 2023). Plaintiff's Fifth and Sixth Claims for Relief should therefore be dismissed.

## V.    PLAINTIFF'S EIGHTH AND NINTH CLAIMS FOR RELIEF ARE UNTIMELY AND SHOULD BE DISMISSED.

Plaintiff appears to concede that these claims are untimely to the extent that they rest on defendant's approval or process for approving employee leave as an adverse employment action. Response at 6-7. Plaintiff does not explain which alleged facts in her Amended Complaint support a plausible conclusion that her leave-related actions were a factor in Mr. Miller's termination decision and instead looks to rely on an inference based on temporal proximity between her leave usage and her termination. Response at 6-7. There is an even greater amount of time between plaintiff's alleged leave actions and her termination than there is between her alleged reports and her termination. Moreover, plaintiff has alleged that Mr. Miller was not her supervisor until after her leave commenced. Amended Complaint, ¶¶ 48-50. The facts alleged by

Page 5 – **DEFENDANT'S REPLY IN SUPPORT OF MOTIONS TO DISMISS**

plaintiff do not support a plausible conclusion, even one based on inference, that her leave usage was a causal factor in her discharge. Accordingly, these claims should be dismissed.

**VI.    PLAINTIFF'S TENTH CLAIM FOR RELIEF IS UNTIMELY AND DOES NOT ADEQUATELY ALLEGED FACTS SUPPORTING A CAUSAL LINK BETWEEN HER ALLEGED REPORTS AND HER DISCHARGE.**

Plaintiff has alleged that her whistleblowing claim is supported by paragraphs that contain facts outside the relevant limitations period. Amended Complaint, ¶ 228. It is unclear from the Amended Complaint or her Response whether plaintiff considers only her discharge as an adverse employment action or if any of the alleged actions outside the limitations period are, in her view, actionable adverse employment actions. Amended Complaint, ¶ 230; Response at 7. To the extent that plaintiff's whistleblowing claim is premised on untimely actions as adverse employment actions caused by her alleged reports, it must be dismissed. And, just as was the cause for her Second Claim for Relief, the time between plaintiff's alleged reports and her discharge are insufficient alone to support a plausible finding of causation. Accordingly, this claim should be dismissed in its entirety.

**CONCLUSION**

For the aforementioned reasons, defendant respectfully requests that its motions be granted.

DATED this 10th day of December, 2024.

HARRANG LONG P.C.

By:   s/Kurt C. Peterson
Kurt C. Peterson, OSB #980065
Julian Marrs, OSB #154743
Of Attorneys for Defendant
