**Daniel Snyder, OSB No. 783856**
dansnyder@lawofficeofdanielsnyder.com
**Paul Bastian, OSB No. 062706**
paul@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249

      Attorneys for the Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **ELIDA MAEVE**<br><br>      Plaintiff,<br><br>v.<br><br>**CENTENNIAL SCHOOL DISTRICT NO. 28 J**<br><br>      Defendant. | Case No. 3:24-cv-01427-SB<br><br>**PLAINTIFF'S MOTION TO RECONSIDER OPINION AND ORDER GRANTING IN PART MOTION TO DISMISS** |

## LR 7-1 CERTIFICATION

In compliance with this Rule, the parties made a good faith effort through personal or telephone conferences to resolve the dispute and have been unable to do so.

PAGE 1 – **MOTION TO RECONSIDER OPINION AND ORDER GRANTING IN PART MOTION TO DISMISS**

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

## MOTION TO RECONSIDER

Pursuant to FRCP 60, Plaintiff requests reconsideration of the dismissal of claims five (Title I ADA Retaliation) and six (state law disability discrimination and retaliation). Although not subject to Defendant's motion to dismiss, or discussed in the court's order, it appears that the court also dismissed Plaintiff's ORA disability discrimination claim. See Order, p. 59 limiting future claims "under the ADA, FMLA, OFLA, OSLA, and ORS § 659A.199 (claims four and seven through ten)." Dkt. 21.

### 1. Plaintiff's ORA disability discrimination claim was not moved against, allows for recovery of compensatory damages, and should not have been dismissed

Defendant's motion and argument regarding the availability of remedies under Title I of the ADA and the Oregon Rehabilitation Act concerned only Plaintiff's disability retaliation claims, which are claim five and part of claim six. Plaintiff's Title I ADA disability discrimination claim (claim four) was not moved against and was not dismissed by the court. Presumably because there is no dispute that compensatory damages are allowed under 42 U.S.C. §§ 12112 (Title I ADA disability discrimination). *Alvarado v. Cajun Operating Co.*, 588 F.3d 1261, 1268 (9th Cir. 2009).[1] Although not subject to Defendant's motion to dismiss, or discussed in the court's order, it appears that the court also dismissed Plaintiff's ORA disability discrimination claim. See Order, p. 59 limiting future claims "under the ADA, FMLA, OFLA, OSLA, and ORS § 659A.199 (claims four and seven through ten)." Dkt. 21.

---

[1] "The text of section 1981a is not ambiguous. It explicitly delineates the specific statutes under the ADA for which punitive and compensatory damages are available. In particular, section 1981a references 42 U.S.C. §§ 12112 and 12112(b)(5) of the ADA. *See* 42 U.S.C. § 1981a(a)(2). Section 12112 involves discrimination "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a)."

PAGE 2 – **MOTION TO RECONSIDER OPINION AND ORDER GRANTING IN PART MOTION TO DISMISS**

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

As discussed in detail below, Plaintiff does not agree that state law damages are controlled by federal law and, instead, the plain language of ORS 659A.885(3) allows recovery of compensatory damages for ORA disability discrimination and retaliation claims. Regardless, assuming arguendo that federal law controls, then Plaintiff's state law disability discrimination claim would allow recovery of compensatory damages similar to the Title I ADA disability discrimination claim and should not have been dismissed.[2] Plaintiff's sixth claim for relief is for both discrimination and retaliation under the Oregon Rehabilitation Act. However, the Court dismissed claim six in its entirety.

2. **Backpay is equitable relief, is an available remedy for Title I ADA Retaliation claims, and it was error to dismiss the claim because Plaintiff's complaint seeks back pay.**

Remedies available for retaliation claims under Title I of the ADA are provided in 42 U.S.C. § 12117. See 42 U.S.C. § 12203(c). 42 U.S.C. § 12117 then provides that the available remedies are those provided by the 1964 Civil Rights Act, 42 U.S.C. §§ 2000e–4 through e–9. 42 U.S.C. § 12117(a). *Alvarado v. Cajun Operating Co.,* 588 F.3d 1261, 1264 (9th Cir. 2009) (citing 42 U.S.C. § 12117(a)). Section 2000e–5(g)(1) provides:

> (1) If the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint, the court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay (payable by the employer, employment agency, or labor organization, as the case may be, responsible for the unlawful employment practice), or any other equitable relief as the

---

[2] Plaintiff's state law disability discrimination claim also allows equitable relief in the form of back pay under state law and federal law, which is discussed in more detail below. See ORS 659A.885(1), 42 U.S.C. § 12117, and 42 U.S.C.A. § 2000e-5.

PAGE 3 – **MOTION TO RECONSIDER OPINION AND ORDER GRANTING IN PART MOTION TO DISMISS**

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

> court deems appropriate. Back pay liability shall not accrue from a
> date more than two years prior to the filing of a charge with the
> Commission. Interim earnings or amounts earnable with
> reasonable diligence by the person or persons discriminated against
> shall operate to reduce the back pay otherwise allowable.

42 U.S.C. § 2000e-5. Although Plaintiff's complaint did not request reinstatement, upon final judgment the court is still required to determine if reinstatement is appropriate. See *Sias v. City Demonstration Agency*, 588 F.2d 692, 696 (9th Cir. 1978) (Remanding case to consider reinstatement, despite not being requested, because "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.") Additionally, Plaintiff should be allowed to amend to request equitable relief in the form of reinstatement if the court determines it is a necessary element of the complaint.[3]

The ADA expressly incorporates the remedies available under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–4, 2000e–5, 2000e–6, 2000e–8, 2000e–9. *Lutz v. Glendale Union High Sch.*, 403 F.3d 1061, 1067 (9th Cir. 2005).

Additionally, Plaintiff's first amended complaint does request equitable relief in the form of back pay and the claim should not have been dismissed for failure to request equitable relief. Plaintiff has found no case that requires a request for reinstatement in order to recover back pay. Indeed, it is typical for courts to award back pay without reinstatement.

The purpose of ADA back pay compensation is to make the plaintiff whole by restoring her to the same position she would have been in had the discrimination or retaliation not occurred. See *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 418–21, 95 S.Ct. 2362, 45 L.Ed.2d

---

[3] Plaintiff's counsel informed the court during oral argument that Plaintiff was seeking reinstatement.

PAGE 4 – **MOTION TO RECONSIDER OPINION AND ORDER GRANTING IN PART MOTION TO DISMISS**

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

280 (1975). Remedies can include lost wages, fringe benefits such as medical benefits and pension contributions, hiring orders, restoration of leave, providing full opportunity to participate in benefit that was denied—i.e., training or preferential work assignments—and lost seniority. See *Pettway v. American Cast Iron Pipe Co.*, 494 F2d 211, 263 (5th Cir 1974).

The courts have "broad equitable discretion" to effectuate the "make whole" objective of the statute. *Franks v. Bowman Transp. Co.,* 424 U.S. 747, 763 (1976); *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 418 (1975). A presumption exists in favor of back pay awards. *Caudle v. Bristow Optical Co.,* 224 F.3d 1014, 1020 (9th Cir.2000) (citing *Albemarle,* 422 U.S. at 421).

Front pay may be awarded to make the plaintiff whole from the time of judgment to the time of reinstatement, or for a reasonable period when reinstatement is not an appropriate remedy. See *Pollard v. E.I. du Pont de Nemours & Co.*, 532 US 843, 852–54, 121 S Ct 1946, 150 L Ed 2d 62 (2001); *Cassino v. Reichhold Chemicals*, 817 F2d 1338, 1347 (9th Cir 1987), cert den, 484 US 1047 (1988). See also *Williams v. Pharmacia, Inc.*, 137 F3d 944, 951–54 (7th Cir 1998) (approving lost earning capacity under Title VII claim).In this case, Plaintiff's first amended complaint clearly requests equitable relief in the form of back pay. See FAC ¶¶ 171 and 179 ("Plaintiff is entitled to recover economic damages for **past** and future wages…")( emphasis added.) Because Plaintiff's First Amended Complaint seeks equitable relief, it was error to dismiss Plaintiff's disability retaliation claims.

3. **Oregon law allows recovery of back pay and compensatory damages for disability retaliation claims.**

Plaintiff's state law disability discrimination and disability retaliation claims both seek identical remedies that are available under ORS 659A.885(1) and (3). Unlike federal law, the Oregon Rehabilitation Act and ORS 659A.885 do not provide for different damages depending

PAGE 5 – **MOTION TO RECONSIDER OPINION AND ORDER GRANTING IN PART MOTION TO DISMISS**

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

on whether the claim is based on disability discrimination or retaliation. The available remedies are identical for all claims under the Oregon Rehabilitation Act.

Damages under the Oregon Rehabilitation Act are controlled by ORS 659A.885, not federal law. Indeed, Judge Simon has previously noted that Oregon law controls when it conflicts with federal law even though ORS 659A.030 is to be generally construed consistent with Title VII. *Karthauser v. Columbia 9-1-1 Commc'ns Dist.*, No. 3:20-CV-127-SI, 2023 WL 371649, at *10 (D. Or. Jan. 24, 2023)(Applying ORS 659A.885(3) despite noting "[this] departure from Title VII conflicts with case law generally interpreting Oregon's employment discrimination laws to be essentially equivalent to Title VII.")

Although claims under the ORA are typically evaluated using the same legal standard as the federal ADA, that is only true regarding similar provisions of the ADA. See ORS 659A.139(1) ("ORS 659A.103 to 659A.144 shall be construed to the extent possible in a manner that is consistent with any **similar** provisions of the federal Americans with Disabilities Act of 1990, as amended by the federal ADA Amendments Act of 2008 and as otherwise amended.") (emphasis added). Oregon state law does not refer to the ADA, 42 U.S.C. § 12117, or 42 U.S.C. §§ 2000e–4 through e–9 to determine what damages are allowed. Instead, the Oregon legislature chose to draft its own statutes, which specifically allow for both equitable and compensatory relief for claims brought under ORS 659A.103 to 659A.145.

The remedies available for unlawful employment practices under ORS Chapter 659A (including ORS 659A.103 to 659A.145) are provided for in ORS 659A.885. ORS 659A.885(1) provides that a person subjected to an unlawful employment practice, listed in subsection (2) can file a civil suit, and "the court may order injunctive relief and any other equitable relief that may be appropriate, including but not limited to reinstatement or the hiring of employees with or

PAGE 6 – **MOTION TO RECONSIDER OPINION AND ORDER GRANTING IN PART MOTION TO DISMISS**

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

without back pay." Subsection (1) also provide for attorney fees. Significantly, it states, "Except as provided in subsection (3) of this section … The judge shall determine the facts in an action under this subsection[.]" Then subsection (2) lists the statutes that can be brought under subsection (1). This list includes ORA claims (ORS 659A.103 to 659A.145).

Next subsection (3) lists a series of statutes within ORS Chapter 659A (including ORS 659A.103 to 659A.145) and states that an aggrieved plaintiff suing under the statutes enumerated in subsection (3) can also seek "compensatory damages or $200, whichever is greater, and punitive damages." Subsection (3) then provides that "[a]t the request of any party, the action shall be tried to a jury[.]"

ORS 659A.885(1) specifically allows the court to award back pay, which is a remedy sought by Plaintiff, and therefore it is error to dismiss Plaintiff's disability retaliation claim on that grounds that she seeks monetary relief. See ORS 659A.885(1). Second, Plaintiff has a right to a jury trial on the disability discrimination claim and the disability retaliation claim and may be awarded "compensatory damages or $200, whichever is greater." See ORS 659A.885(3).

Compensatory damages include "damages to cover the 'gap period' in Oregon's statute between when back pay ends and front pay begins." *Joseph v. W. Linn Paper Co.*, No. 3:18-CV-01069-SB, 2020 WL 2462439, at *3 (D. Or. Apr. 24, 2020), report and recommendation adopted, No. 3:18-CV-1069-SB, 2020 WL 2415678 (D. Or. May 12, 2020)(citing *McMillan v. Li Ning Sports USA, Inc.*, No. 110708760, 2013 WL 9591371, at *2 (Or. Cir. Dec. 18, 2013)).

Additionally, compensatory damages include future lost wages, or "front pay," to compensate for lost wages during the period between judgment and reinstatement or in lieu of reinstatement. *Id.* at *4. Front pay is a form of compensatory damages under O.R.S. § 659A.885(3). *Id; See Scruggs v. Josephine Cty.*, No. CIV. 06-6058-CL, 2008 WL 5262717, at *3

PAGE 7 – **MOTION TO RECONSIDER OPINION AND ORDER GRANTING IN PART MOTION TO DISMISS**

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

(D. Or. Dec. 17, 2008); *Farrington v. Pepsi–Cola Bottling Co. of Bend*, No. Civ. 03–6297–TC, 2004 WL 817356, at *6 & n. 11 (D.Or. Feb.25, 2004); see *Tadsen v. Praegitzer Indus., Inc.*, 324 Or. 465, 469–70, 928 P.2d 980 (1996) (predecessor statute); *Wooton v. Viking Distrib. Co.*, 136 Or.App. 56, 65, 899 P.2d 1219 (1995) (same); *Bednarz v. Bay Area Motors, Inc.*, 95 Or.App. 159, 161, 768 P.2d 422 (1989) (same).

"Oregon law on front pay, however, differs from federal law. ORS 659A.885(2)(a) authorizes awards of compensatory damages in addition to equitable relief for claims filed under ORS 659A.030, among other statutes. "The Oregon Supreme Court has interpreted both front pay and lost future wages as forms of compensatory damages." *Karthauser v. Columbia 9-1-1 Commc'ns Dist.*, No. 3:20-CV-127-SI, 2023 WL 371649, at *10 (D. Or. Jan. 24, 2023)(citing *Tadsen v. Praegitzer Indus.*, 324 Or. 465, 470 (1996) ("[F]ront pay is a form of compensatory damages, because it restores the terminated employee to the economic position that the employee would have enjoyed, were it not for the employer's unlawful conduct."); *see also Schram v. Albertson's, Inc.*, 146 Or. App. 415, 423 (1997) ("It is questionable whether front pay is an equitable remedy in the light of the holding in *Tadsen*....")). "Thus, unlike back pay under ORS 659A.885(1)(a), which is for a court to decide, front pay falls under the category of compensatory damages under ORS 659A.885(3)(a), and under Oregon law compensatory damages are for the jury to determine. ORS 659A.885(3)(b) ("At the request of any party, the action shall be tried to a jury.")." *Id.*

Plaintiff's ORA disability retaliation claim seeks both back pay and compensatory damages in the form of front pay and non-economic damages. Both of these are recoverable

PAGE 8 – **MOTION TO RECONSIDER OPINION AND ORDER GRANTING IN PART MOTION TO DISMISS**

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

under ORS 659A.885 and it was error for the court to dismiss Plaintiff's claim based on the types of damages requested.[4]

## CONCLUSION

Plaintiff requests that the court reconsider the dismissal of Plaintiff's fifth and sixth claims for relief and allow Plaintiff to proceed on those claims.

Dated: March 12, 2025

                      **Law Offices of Daniel Snyder**

                      */s/ Daniel Snyder*
                      Daniel Snyder, OSB No. 783856
                      dansnyder@lawofficeofdanielsnyder.com
                      Paul Bastian, OSB No. 062706
                      paul@lawofficeofdanielsnyder.com
                      LAW OFFICES OF DANIEL SNYDER
                      1000 S.W. Broadway, Suite 2400
                      Portland, Oregon 97205
                                  Attorneys for the Plaintiff

---

[4] Plaintiff also intends to file a motion to amend to allege a wrongful discharge claim to recover any damages that the court determines are not recoverable under Title I or the ORA.

PAGE 9 – **MOTION TO RECONSIDER OPINION AND ORDER GRANTING IN PART MOTION TO DISMISS**