**Kurt C. Peterson, OSB #980065**
**kurt.peterson@harrang.com**
HARRANG LONG P.C.
111 SW Columbia St., Suite 950
Portland, OR 97201
Telephone:     (503) 242-0000
**Julian Marrs, OSB #154743**
**julian.marrs@harrang.com**
HARRANG LONG P.C.
800 Willamette St., Suite 770
Eugene, OR 97401
Telephone:     (541) 485-0220
Facsimile:     (541) 686-6564
Of Attorneys for Defendant

## UNITED STATES DISTRICT COURT
### DISTRICT OF OREGON
### PORTLAND DIVISION

| | |
|---|---|
| **ELIDA MAEVE,** | Case No. 3:24-cv-01427-SB |
| Plaintiff, | **DEFENDANT'S MOTIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| vs. | |
| **CENTENNIAL SCHOOL DISTRICT NO. 28J,** | **ORAL ARGUMENT REQUESTED** |
| Defendant. | |

## RULE 7-1 CERTIFICATION

Pursuant to LR 7-1(a), counsel for Defendant Centennial School District No. 28J ("Centennial") hereby certifies that they conferred with counsel for plaintiff about this motion and was not able to resolve the substance of these motions.

## MOTIONS

**Motion 1:** Centennial moves the court for an order dismissing plaintiff's First, Second, and Third Claims for Relief for failure to state a claim.

**Motion 2:** Centennial moves the court for an order dismissing plaintiff's Fifth and Sixth Claims for Relief for failure to state a claim.

**Motion 3:** Centennial moves the court for an order dismissing plaintiff's Tenth Claim for Relief for failure to state a claim.

**Motion 4:** Centennial moves the court for an order dismissing plaintiff's Eleventh Claim for Relief for failure to state a claim.

## MEMORANDUM OF LAW

## I.    INTRODUCTION

Centennial moves for dismissal of plaintiff's First, Second, Third, Fifth, Sixth, Tenth, and Eleventh Claims for Relief pursuant to Rule 12(b)(6). Centennial previously moved to dismiss several of plaintiff's claims, with the court granting several of those motions in an Opinion and Order (the "Order") on February 11, 2025. (Docket No. 21). Plaintiff subsequently filed a Second Amended Complaint on March 31, 2025. (Docket No. 27). As set out below, plaintiff's newly added factual allegations do not correct the deficiencies the court identified in the Order. Moreover, the Second Amended Complaint includes a new claim for wrongful discharge, which must be dismissed because the fact allegations do not support a plausible wrongful discharge claim under Oregon common law. Accordingly, the claims identified above should be dismissed.

## II.    LEGAL STANDARD

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When a defendant moves to dismiss a claim under Rule 12(b)(6), "[d]ismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Id.* In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the plaintiff. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). But the court is not "required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of

Page 2 – **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

fact, or unreasonable inferences." *Id.* And the court need not credit a plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937 (2009). That is, to be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face": In other words, a complaint must state a plausible claim for relief and contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678-9, 129 S. Ct. 1937 (2009).

## III.    PLAINTIFF ADDED ADDITIONAL FACTUAL ALLEGATIONS TO HER SECOND AMENDED COMPLAINT.

Plaintiff has added the following general fact allegations in her Second Amended Complaint:

127.    To Plaintiff's best knowledge, Leaf Farley is a cisgender male person. He is a similarly situated employee of Defendant. He was given a flex-time arrangement by his supervisor in the 2023-2024 school year, his first year as a teacher.

128.    Stacie Fleck was a similarly situated employee of Defendant. She is a cisgender woman. She had a flex-time arrangement.

129.    Kyla Luksic was a similarly situated employee of Defendant. She is a cisgender woman. She had a flex-time arrangement.

130.    Regarding Plaintiff's "mini evaluations" described in Paragraph 110, to Plaintiff's best knowledge, no other similarly situated employees who were not members of Plaintiff's protected class had ever been subjected to observations on the last days of a quarter, when the students were engaged in review preparation rather than active learning. Additionally, to Plaintiff's best knowledge, no other teachers experienced more than two observations per year.

131.    Jade Robinson was a similarly situated employee of Defendant. Jade Robinson is a cisgender female person. Plaintiff had observed Ms. Robinson arriving for work in a non-punctual manner on several occasions. To Plaintiff's best knowledge, Ms. Robinson was not disciplined for her punctuality.

132.    On September 27, 2022, Plaintiff sent a text message to Laura Scully regarding Plaintiff's arrival to school and flex-time arrangement. Laura Scully responded, "I am sharing this with Marin [Miller] so that he is aware of

this communication. Please work out any flex time with him as he is your evaluator." This text was the first time Plaintiff learned that Mr. Miller was her evaluator.

133.    Coach Self taught students in the weight room down the hall from Plaintiff's classroom. Coach Self is a cisgender male person. Plaintiff observed Coach Self routinely leave students unsupervised in the weight room. To Plaintiff's best knowledge, Coach Self was not disciplined for leaving students unsupervised.

134.    Vivian Ngo was a similarly situated employee of Defendant. Ms. Ngo is a cisgender female person. Ms. Ngo taught physics in the classroom neighboring Plaintiff's classroom. Plaintiff frequently observed Ms. Ngo leave her classroom unattended without arranging for supervision of the students. To Plaintiff's best knowledge, Ms. Ngo was not disciplined for leaving her classroom unattended without arranging for supervision of the students. Plaintiff also observed cisgender individuals named Craig Watts and Joel McKee speaking with students in the hallway. To Plaintiff's best knowledge, Mr. Watts and Mr. McKee were not disciplined for speaking with students in the hallway.

135.    Ms. Ngo used "interactive notebooks" to teach lessons outside the approved curriculum. To Plaintiff's best knowledge, Ms. Ngo was not disciplined for using "interactive notebooks."

136.    On December 15 or 16, 2022, Ms. Ngo had a substitute named Steven Spector. Part of Ms. Ngo's substitute plans were for Mr. Spector to set up a Christmas movie on Disney+ for her students to watch. Ms. Ngo was not disciplined for arranging for Mr. Spector to show a movie. Mr. Miller cited Plaintiff's showing a movie to her students without prior approval as an example of Plaintiff not following board policy.

137.    In late 2022 or early 2023, a fight broke out between students in Ms. Ngo's classroom. Ms. Ngo was injured and requested a radio for safety. Ms. Ngo's request for a radio was promptly granted. Following repeated incidents of hate speech directed at her by students, Plaintiff made a request to Assistant Principal Schloth for a radio for her personal safety. At full staff meetings, Plaintiff also reported concerns about campus security cameras' coverage. Plaintiff's requests were never granted.

Second Amended Complaint ¶¶ 127-137. As set out below, these additional allegations do not

correct the factual deficiencies in plaintiff's claims the court previously identified in the Order.

/ / /

/ / /

/ / /

/ / /

IV.    **ARGUMENT**

     A.    **Motion 1: Plaintiff's First, Second, and Third Claims for Relief should be dismissed for failure to state a claim because plaintiff has failed to allege new facts supporting a causal link between plaintiff's protected class or activity and her discharge.**

Plaintiff's new allegations do not create a plausible inference that her discharge was motivated by her protected class. The court previously dismissed plaintiff's first claim because "Maeve's alleged timeline of events fails to support a plausible inference that in recommending and affirming Maeve's termination, Miller and Owens discriminated against Maeve on the basis of sex" and "Maeve's similarly situated comparator theory . . . [did] not convince the Court otherwise." Order at 37-44 (Docket No. 21). The court dismissed plaintiff's second claim because plaintiff "fail[ed] to plead facts that support a plausible inference that her allegedly protected activity was a but-for cause of Miller's recommendation and Owens's affirmance of Maeve's termination." Order at 48 (Docket No. 21). The court dismissed plaintiff's third claim on the same basis as plaintiff's first and second claims. Order at 56-57 (Docket No. 21). In sum, plaintiff's first, second, and third claims were dismissed because the allegations in the Amended Complaint did not establish a plausible causal link between the alleged adverse employment action (discharge from employment) and plaintiff's protected class or activity.

The allegations plaintiff added to the Second Amended Complaint do not remedy that deficiency. Those allegations primarily center on employees plaintiff alleges were similarly situated. Other employees with similar job duties can serve as a similarly situated comparator, but are similarly situated in the context of discipline only if they "engage[d] in problematic conduct of comparable seriousness to that of" the plaintiff. *Vazquez v. County of Los Angeles*, 349 F.3d 634, 641-21 (9th Cir. 2003) (citing *Ward v. Procter & Gamble Paper Products Co.*, 111 F.3d 558, 561 (8th Cir. 1997)). In other words, in addition to having similar jobs, employees must also engage in conduct of similar severity in order to possibly serve as a similarly situated comparator.

The individuals plaintiff identified in the newly added allegations are not alleged to have engaged in conduct as severe as the conduct plaintiff alleges was the cause of her termination. Plaintiff alleged that on January 5, 2023, Principal Miller provided her with several items outlining the following performance issues: (1) an unprofessional interaction with Damien Roache and Desiree Gutierrez, (2) punctuality and attendance concerns, (3) instructional performance concerns, (4) arrival to work, absences reporting, and meeting participation concerns, and (5) student supervision concerns. Second Amended Complaint ¶ 125 (Docket No. 27). The first four paragraphs of plaintiff's newly added allegations concern individuals that plaintiff alleges were given flex-time arrangements and plaintiff's beliefs about the timing and frequency of Principal Miller's evaluations of plaintiff. Second Amended Complaint ¶¶ 127-30 (Docket No. 27). Those allegations say nothing at all about the inquiry here, which is whether other, similarly situated individuals were not disciplined for conduct similar to plaintiff's. That one other employee was late to work on several occasions or that a different employee left students unsupervised does not allege conduct of similar severity to that of plaintiff. Second Amended Complaint ¶¶ 131 and 133 (Docket No. 27).

Plaintiff also alleges that a neighboring teacher left her classroom unattended, used "interactive notebooks" to teach lessons outside the approved curriculum, and had a substitute teacher show a Christmas movie in December. Second Amended Complaint ¶¶ 134-36 (Docket No. 27). However, a fair reading of those allegations, when judged against plaintiff's own allegations surrounding the reasons for her termination do not indicate that Ms. Ngo engaged in conduct as severe as plaintiff's – Ms. Ngo is not "similarly situated" to plaintiff for that reason. Perhaps more importantly, plaintiff's allegations concerning Principal Miller's actions in relation to plaintiff's complaints of gender-based harassment are still sufficient to nullify any inference that Principal Miller's termination decision was motivated by plaintiff's protected class status that might be created by Ms. Ngo's treatment. *See* Order at 38-42 (Docket No. 21). Plaintiff's newly added allegations do not establish a plausible claim that plaintiff was terminated because of her protected class status or protected activity.

Moreover, even if taken as true, the newly added allegations do not establish that any of those employees were not disciplined for their actions, even if it is fair to infer from the allegations that none of them were terminated. *See* Second Amended Complaint ¶¶ 127-37 (Docket No. 21) (qualifying statements about other employee discipline with caveat that those employees were not disciplined to plaintiff's knowledge). Additionally, plaintiff does not allege that Principal Miller was aware of that conduct, which would be a necessary prerequisite to him disciplining those employees. Ultimately, plaintiff's new allegations do not establish any similarly situated employees (other teachers who engaged in conducts as severe as that of plaintiff), and therefore plaintiff has not pleaded a plausible causal connection between her protected class or activity and the termination decision. For this reason, plaintiff's first, second, and third claims should be once again dismissed.

**B.    Motion 2: Plaintiff's Fifth and Sixth Claims for Relief should be dismissed to the extent that plaintiff seeks relief other than reinstatement with backpay.**

Plaintiff's fifth and sixth claims should be dismissed to the extent she seeks relief other than reinstatement with backpay or related equitable relief. The court previously dismissed these claims because plaintiff sought compensatory damages and equitable relief that was effectively moot. Order at 25-31 (Docket No. 21). In regard to her Title I claim, plaintiff still appears to seek compensatory damages: "As a result of Defendant's unlawful employment actions, Plaintiff suffered, and continues to suffer, emotional distress economic and non-economic damages." Second Amended Complaint ¶ 179 (Docket No. 27). Similarly, for plaintiff's claim under Or. Rev. Stat. § 659A.103, she alleges that she has "suffered, and continues to suffer, emotional distress [and] economic damages, including, but not limited to, past and future wages, past and future benefits, and other expenses." Second Amended Complaint ¶ 189 (Docket No. 27). Plaintiff goes on to allege that she "is entitled to economic damages for past and future wages, past and future benefits, and other expenses." Second Amended Complaint ¶ 191 (Docket No. 27). This relief is not available to plaintiff.

As this court already noted, plaintiff's ADA and Or. Rev. Stat. § 659A.103 claims are assessed under the same standards. Order at 26 (Docket No. 21) (quoting *Kelly v. Boeing Company*, 848 Fed. Appx. 692, 695 n. 2 (9th Cir. 2021)). And, as the court previously explained, compensatory damages are not available for these claims. Order at 23-27 (Docket No. 21) (citing relevant authorities). Other than reinstatement and related equitable relief, plaintiff is not entitled to the remedy she seeks for these claims. *Kimmons v. First Transit, Inc.*, No. 3:21-cv-00768-SB, 2023 WL 5836029, at *30-31 (D. Or. Sept. 8, 2023) (citing *Hanson v. Oregon, Legislative Assembly*, No. 3:21-cv-780-SI, 2023 WL 22196, at *12-13 (D. Or. Jan 3, 2023)). Accordingly, plaintiff's claims must once again be dismissed to the extent she seeks compensatory damages.

    **C.    Motion 3: Plaintiff's Tenth Claim for Relief should be dismissed because plaintiff has not alleged facts supporting a plausible causal link between her alleged report and her termination.**

Plaintiff's Tenth claim was previously dismissed to the extent that it relied on a September 29, 2022 meeting between plaintiff and Principal Miller because there was no plausible causal link between that meeting and plaintiff's termination. Order at 58-59 (Docket No. 21). Plaintiff's newly added allegations do not at all touch on this meeting or allege new conduct on Principal Miller's part. Second Amended Complaint ¶¶ 127-37 (Docket No. 27). Accordingly, the newly added allegations do not correct the deficiency the court already identified in this claim, and it should once again be dismissed to the extent it is premised on the September 29, 2022, meeting.

This claim should be dismissed in its entirety because the paragraphs that plaintiff has identified as supporting the claim cut against the conclusion that any report by plaintiff to Principal Miller caused Principal Miller to terminate plaintiff. Plaintiff identifies a list of paragraphs that support her whistleblowing claim, including paragraphs 65, 66, 68, 71, and 73. Second Amended Complaint ¶ 237 (Docket No. 27). Those allegations contain other potential interactions between plaintiff and Principal Miller that might support her whistleblowing claim, but plaintiff's allegations also show that Principal Miller took seriously the concerns that

plaintiff raised. *See* Order at 41 (Docket No. 21) ("Maeve's allegations suggest that Miller immediately acted on Maeve's reports of bias incidents predating his time as principal and played a role in initiating an outside consultant's investigation, which resulted in a multi-day equity audit addressing issues that Maeve raised."). Moreover, plaintiff's allegations suggest that a reason other than a report of a violation of law was the motivating factor in plaintiff's termination. *See* Order at 41-42 (Docket No. 21). Overall, plaintiff has not alleged facts that plausibly support the conclusion that plaintiff's alleged communications to Principal Miller were the cause of any adverse employment action against her. Accordingly, her tenth claim should be dismissed.

>    **D.    Motion 4: Plaintiff's Eleventh Claim for Relief should be dismissed because plaintiff has not adequately pleaded facts supporting a plausible claim that her discharge was because she pursued a job-related right that reflects an important public policy.**

Plaintiff's newly added wrongful discharge claim should be dismissed because plaintiff has not alleged facts that would plausibly support the conclusion that her discharge was because of her pursuit of a job-related right reflecting an important public policy. Oregon recognizes the tort of wrongful discharge of an at-will employee "(1) when the discharge is for exercising a job-related right that reflects an important public policy" or "(2) when the discharge is for fulfilling some important public duty." *Babick v. Oregon Arena Corp.*, 333 Or. 401, 407, 40 P.3d 1059 (2002). An employee must establish a causal link between their discharge and protected activity, meaning that the protected activity must be "a factor that made a difference" in the discharge decision. *Estes v. Lewis and Clark College*, 152 Or. App. 372, 381, 954 P.2d 792 (1998) (citing *Nelson v. Emerald People's Utility Dist.*, 116 Or. App. 366, 373, 840 P.2d 1384 (1992)). Plaintiff has alleged that "Defendant's conduct . . . was in retaliation for Plaintiff [sic] assertion of Plaintiff's state and federally protected rights to work in an environment free from discrimination, harassment, and otherwise hostile work environments, and as such constitutes a wrongful discharge under state common law." Second Amended Complaint ¶ 241(Docket No.

27).  From that allegation, it is apparent that plaintiff alleges her discharge was wrongful because it was for exercising a job-related right.

Plaintiff has failed to plead facts that plausibly support the conclusion that her conduct – asserting to Principal Miller her rights to a discrimination-free workplace – was "a factor that made a difference" in his decision to discharge plaintiff.  As set out above in the preceding motion, plaintiff's reports to Principal Miller, when weighed against plaintiff's other allegations concerning his actions in response to those reports, are not plausibly the cause of his discharge decision.  In fact, plaintiff's allegations show that Principal Miller took plaintiff's allegations concerning harassment in the workplace seriously.  *See* Second Amended Complaint ¶¶ 65, 70-71, 74, 78-79, 81, 88, 101, 103-04, 116, and 124 (Docket No. 27).  It does not logically flow that Principal Miller would both discharge plaintiff for communicating to him about her concerns and also take considerable action in response to them.  In other words, plaintiff's own allegations make implausible the conclusion that she was terminated because she asserted a right to a workplace free from harassment.  Accordingly, this claim should be dismissed.

## V.    Conclusion

For the forgoing reasons, plaintiff's First, Second, Third, Fifth, Sixth, Tenth, and Eleventh Claims for Relief should be dismissed.

DATED this 24th day of April, 2025.

HARRANG LONG P.C.


By:   s/Kurt C. Peterson
Kurt C. Peterson, OSB #980065
Julian Marrs, OSB #154743
Of Attorneys for Defendant