**Kurt C. Peterson, OSB #980065**
kurt.peterson@harrang.com
HARRANG LONG P.C.
111 SW Columbia St., Suite 950
Portland, OR 97201
Telephone:   (503) 242-0000
Facsimile:   (541) 686-6564
**Julian Marrs, OSB #154743**
julian.marrs@harrang.com
HARRANG LONG P.C.
800 Willamette St., Suite 770
Eugene, OR 97401
Telephone:   (541) 485-0220
Facsimile:   (541) 686-6564
Of Attorneys for Defendant

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **ELIDA MAEVE,**<br><br>         Plaintiff,<br><br>vs.<br><br>**CENTENNIAL SCHOOL DISTRICT NO. 28J,**<br><br>         Defendant. | Case No. 3:24-cv-01427-SB<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>**ORAL ARGUMENT REQUESTED** |

## INTRODUCTION

Plaintiff attempts but fails to remedy the defects in the First Amended Complaint. The added allegations are insufficient and the court should again dismiss plaintiff's claims. Because the court gave plaintiff the opportunity to cure the defects, the court should not allow plaintiff a third attempt.

Page 1 –   **DEFENDANT'S REPLY IN SUPPORT OF MOTIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

## ARGUMENT

A. **Plaintiff's Declaration and attached exhibits should not be considered in deciding this motion.**

The court should exclude the material outside the pleadings submitted in Plaintiff's Declaration. Plaintiff offers no argument why this court should consider these matters outside the pleadings on this Rule 12(b)(6) motion. Courts are limited on the materials that they can consider on a motion to dismiss. *MacDonald v. Oregon Health & Science University*, 689 F. Supp. 3d 906, 916 (D. Or. 2023) (citing *Cervantes v. City of San Diego*, 5 F. 3d 1273, 1274 (9th Cir. 1993)). With the exception of the incorporation by reference doctrine and judicial notice of facts not subject to dispute, "a court may not consider matters outside the pleadings—such as party declarations, medical reports, or government websites—without converting the motion to a motion for summary judgment under Federal Rule of Civil Procedure 56." *Id.* (citing *Lee v. City of Los Angeles*, 250 F. 3d 668, 688 (9th Cir. 2001)). The current state of discovery has not afforded Defendant a full and fair opportunity to develop the facts necessary to rebut the assertions made in Plaintiff's Declaration. Moreover, plaintiff has not offered the factual assertions in connection with any argument that could be considered a request for summary judgment. *See* Declaration of Elida Maeve (Docket No. 34). Accordingly, the contents of Plaintiff's Declaration should only be considered if they fall into either of the exceptions to the general rule above. They do not.

To state the obvious, the factual assertions in Plaintiff's Declaration are not documents on which plaintiff's claims rest. Nor are those statements matters of public record not subject to reasonable dispute. The two letters submitted as exhibits to Plaintiff's Declaration should similarly not be considered. Defendants dispute the accuracy of the contents of those letters and they are not matter of public record. Moreover, it can't be said that plaintiff's claims rely on those letters or that they are referred to extensively in the Second Amended Complaint. The documents attached as Exhibits 1 and 2 are referenced once in the Second Amended Complaint

Page 2 – **DEFENDANT'S REPLY IN SUPPORT OF MOTIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

and the other exhibit not at all. These letters should not be considered by the court in deciding this motion and Plaintiff's declaration should be stricken.

        **B.**    **Motion 1: Plaintiff's First, Second, and Third Claims for Relief should be dismissed for failure to state a claim because plaintiff has failed to allege new facts supporting a causal link between plaintiff's protected class or activity and her discharge.**

Plaintiff's new allegations do not create a plausible inference that her discharge was motivated by her protected class. Plaintiff attempts to allege that other, cisgender employees had similar performance shortcomings as plaintiff but were not subjected to discrimination. What plaintiff does not address is that the law requires that the "comparator" employees are similarly situated in the context of discipline only if they "engage[d] in problematic conduct of comparable seriousness to that of" the plaintiff. *Vazquez v. County of Los Angeles*, 349 F.3d 634, 641-21 (9th Cir. 2003) (citing *Ward v. Procter & Gamble Paper Products Co.*, 111 F.3d 558, 561 (8th Cir. 1997)).

Plaintiff begins by attempting to distinguish this case from *Vasquez* by asserting that "Plaintiff does not claim to have disobeyed any direct order from a supervisor." Response at 4 (Docket No. 33). Plaintiff's problematic conduct may not have included disobeying a direct order as in *Vasquez*. However, it is clear that her cumulative problematic behavior was significant and not normal. The court should follow *Vasquez* and compare the seriousness of the conduct of the comparators and plaintiff even though the conduct may not be so stark as one employee being given an direct order and the other not.

Further, plaintiff has not explained what about the new allegations will allow the court to compare the seriousness of the problematic conduct of those other employees with the seriousness of the problematic conduct of plaintiff. A fair reading of the Second Amended Complaint shows clearly that these other employees may have had some problematic conduct, but not to the degree of that of plaintiff. Plaintiff's response in opposition simply reiterates what the complaint alleges without expanding on why the amendments should be persuasive.

*Opara* does not aid plaintiff to establish that she has sufficiently pleaded pretext. *Opara* requires plaintiff to prove pretext via direct and/or indirect evidence. *Opara v. Yellen*, 57 F.4th 709, 726 (9th Cir. 2023). In support of her argument, plaintiff simply states that the defendant's proffered explanation for the adverse action is false. She follows that up with argument and "evidence" in the form of her declaration. However, plaintiff does not, and cannot, point the court to any allegation in the Second Amended Complaint that shows falsity on the part of defendants. Like the plaintiff in *Opara*, plaintiff's evidence of falsity is far too weak in comparison with clear evidence that no discrimination has occurred.

C.   **Motion 2: Plaintiff's Fifth and Sixth Claims for Relief should be dismissed to the extent that plaintiff seeks relief other than reinstatement with backpay.**

Plaintiff's fifth and sixth claims should be dismissed to the extent she seeks relief other than reinstatement with backpay or related equitable relief. Plaintiff argues in her response that plaintiff clearly requests back pay. Defendant does not place at issue back pay as a form of relief. Defendant's concern relates to other compensatory damages which plaintiff prays for: "As a result of Defendant's unlawful employment actions, Plaintiff suffered, and continues to suffer, emotional distress economic and non-economic damages." Second Amended Complaint ¶ 179 (Docket No. 27). Plaintiff flatly does not address this issue in her response. The court should consider this a concession and grant defendant's motion.

D.   **Motion 3: Plaintiff's Tenth Claim for Relief should be dismissed because plaintiff has not alleged facts supporting a plausible causal link between her alleged report and her termination.**

Plaintiff's Tenth claim was previously dismissed to the extent that it relied on a September 29, 2022 meeting between plaintiff and Principal Miller because there was no plausible causal link between that meeting and plaintiff's termination. Order at 58-59 (Docket No. 21). Plaintiff's newly added allegations do not at all touch on this meeting or allege new conduct on Principal Miller's part. Second Amended Complaint ¶¶ 127-37 (Docket No. 27).

Plaintiff's response in opposition is strangely bereft of any substance. She does not counter the court's finding that the meeting triggered an investigation. She simply argues that

the investigation was biased and then cites Plaintiff's Declaration, which should not be considered here. Response at 8 (Docket No. 33). Plaintiff does not point to any allegation in the Second Amended Complaint that shows the required plausible casual link between the meeting and her termination. She simply states, but does not allege, that the investigation might have been initiated with biased intent. Again, the court should consider this a concession and grant defendant's motion.

> E.  **Motion 4: Plaintiff's Eleventh Claim for Relief should be dismissed because plaintiff has not adequately pleaded facts supporting a plausible claim that her discharge was because she pursued a job-related right that reflects an important public policy.**

Plaintiff's newly added wrongful discharge claim should be dismissed because plaintiff has not alleged facts that would plausibly support the conclusion that her discharge was because of her pursuit of a job-related right reflecting an important public policy. Again, plaintiff's response in opposition lacks substance. She argues that there is no "causation problem" in her case like there is in *Estes* but does not explain why this is important. Response at 9 (Docket No. 33). What plaintiff does not do, again, is show the court that her Second Amended Complaint alleges facts that plausibly support the conclusion that her conduct – asserting to Principal Miller her rights to a discrimination-free workplace – was "a factor that made a difference" in his decision to discharge plaintiff. *Estes v. Lewis and Clark College*, 152 Or. App. 372, 381, 954 P.2d 792 (1998) (citing *Nelson v. Emerald People's Utility Dist.*, 116 Or. App. 366, 373, 840 P.2d 1384 (1992)).

Plaintiff simply argues that that discrimination was a "substantial factor in the termination of her employment", Response at 9 (Docket No. 33), but does not explain how Principal Miller would both discharge plaintiff for communicating to him about her concerns and also take considerable action in response to them. Plaintiff's allegations show that Principal Miller took plaintiff's allegations concerning harassment in the workplace seriously. *See* Second Amended Complaint ¶¶ 65, 70-71, 74, 78-79, 81, 88, 101, 103-04, 116, and 124 (Docket No. 27).

Page 5 – **DEFENDANT'S REPLY IN SUPPORT OF MOTIONS TO DISMISS
    PLAINTIFF'S SECOND AMENDED COMPLAINT**

Plaintiff has not alleged facts that would plausibly support the conclusion that her discharge was because of her pursuit of a job-related right reflecting an important public policy.

## CONCLUSION

For the reasons stated in the Motion and above, the court should grant these motions.

DATED this 22nd day of May, 2025.

                                          HARRANG LONG P.C.

                                          By:   s/Kurt C. Peterson
                                                  Kurt C. Peterson, OSB #980065
                                                  Julian Marrs, OSB #154743
                                                  Of Attorneys for Defendant